UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIZZEL BROOKS-WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 06-5433 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION "N" (1) |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Partial Summary Judgment Against State Farm Insurance Company on Flood Insurance (Rec. Doc. No 16)**. After reviewing the memoranda of the parties and the applicable law, this Court finds that this motion should be denied for the reasons that follow.

**I.     Factual Background and Procedural History**

Plaintiff, Lizzel Brooks-Williams (hereinafter "Plaintiff" or "Brooks-Williams") owns and formerly resided at 5424 Congress Drive, New Orleans, Louisiana. (Complaint; Plaintiff's Uncontested Material Facts). The purchase of the property, which occurred on or about July 9, 2004, was financed through EMC Mortgage ("EMC"). (Plaintiff's Uncontested Materials Facts). Brooks-Williams contracted with Defendant State Farm Fire and Casualty Company (hereinafter, "State Farm") through its agent, Alan Jackson, for homeowners' insurance and flood insurance. On June 6, 2005, State Farm prepared a renewal certificate with the effective dates of July 9, 2005 to

1

July 9, 2006 for the Standard Flood Insurance Policy ("SFIP") it issued to the Plaintiff for the property. (Ex. 1). While Plaintiff asserts that she never received a flood policy renewal premium notice (See Plaintiff's Statements of Uncontested Facts), State Farm claims that the renewal certificate was forwarded to Plaintiff at the Post Office Box, as requested by her in the insurance policy. (See Ex. 1 to State Farm's opposition).  When it did not receive a renewal premium, State Farm prepared an expiration notice on July 14, 2005. (See Ex. 2 to State Farm's Opposition).  On August 19, 2005, Brooks-Williams received a telephone call from Agent Alan Jackson's office advising her that the flood insurance premium had not been received. (See Exhibit A to Plaintiff's motion).  On August 22, 2005, Plaintiff went to Agent Jackson's office and made the premium payment. (Id.).

Brooks-Williams' property suffered both wind and flood damage as a result of Hurricane Katina.  State Farm has rejected Plaintiff's flood claim and has advised Brooks-Williams that because her flood insurance policy expired on July 9, 2005 and the premium was not paid within 30 days, the policy was not in effect when Hurricane Katrina struck on August 29, 2005.

**II.    Law and Analysis**

    A.    Legal Standard - Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). The movant is not required, however, to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citing *Celotex*, 477 U.S. at 323). If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. If the movant meets his burden, then the burden then shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial. *Little*, 37 F .3d at 1075 (citing *Celotex*, 477 U.S. at 325). Of course, unsubstantiated assertions do not constitute competent summary judgment evidence. *Abbott*, 2 F.3d at 619 (citing *Celotex*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict"). In determining whether a material issue of fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir.2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.2005)).

B.   Plaintiff's Motion

Plaintiff contends that State Farm failed to mail to her a "notice of renewal premium payment due" or "notice of expiration of policy" as required by the policy and FEMA regulations. Plaintiff's insurance policy provides the following regarding policy renewal:

> H – Policy Renewal
>
> 1. This policy will expire at 12:01 a.m., on the last date of the policy term.
>
> 2. We must receive the payment of the appropriate renewal premium within 30 days of the expiration date.
>
> 3. If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete, or illegible address, which delayed its delivery to you before the due date for the renewal premium, then we will follow these procedures:
>
>> a. If you or your agent notified us, no later than 1 year after the date of which the payment of the renewal premium was due, of nonreceipt of a renewal notice before the due date for the renewal premium, and we determine that the circumstances in the proceeding paragraph apply, we will mail a second bill providing a revised due date, which will be 30 days after the date on which the bill is made.

(See Exhibit attached to Plaintiff's motion, bates-stamped 0049). Plaintiff denies receiving any written expiration notice prior to the flood that occurred in conjunction with Hurricane Katrina. Plaintiff further indicates that EMC denies it received anything from State Farm prior to receiving an Expiration Notice on July 14, 2005. Plaintiff claims State Farm was not instructed or authorized to bill EMC for her flood insurance premium. Essentially, Plaintiff asserts she never received notice of the expiration of her policy and because she advised her agent on August 19, 2005 that she had not received a bill, she should have had, according to the policy, one year to pay the premium.

In opposition, State Farm claims that Plaintiff's flood policy expired on July 9, 2005, when

4

State Farm did not receive the renewal premium timely.  As for Plaintiff's argument that she did not receive the renewal and expiration notices, State Farms argues that Plaintiff's renewal notice was sent to the correct address as noted on the policy.  Because Plaintiff did not pay her flood premium within 30 days of July 9, 2005 and instead waited until August 22, 2005 to pay her premium, according to 44 C.F.R. §61.11(c), State Farm was forced to apply the 30-day waiting period such that the effective date of the SFIP was after Hurricane Katrina in mid-to-late September of 2005.  Thus, State Farm claims that this Court should dismiss Plaintiff's lawsuit against State Farm in its capacity as flood insurer.

Further, State Farm claims Plaintiff's argument that EMC denies it received anything from State Farm prior to the expiration notice is incorrect. State Farm notes that on June 3, 2005, State Farm processed the lender/mortgagee copy of the annual renewal notice and transmitted the notice electronically by Electronic Data Interchange (EDI) to EMC .  On Wednesday, July 6, 2005, EMC returned as unpaid its remittance concerning Plaintiff's policy.  Thus, not only did State Farm forward a renewal notice to EMC well in advance of the expiration notice, it also received remittance from EMC indicating receipt of the notice and notifying State Farm that no payment had been made by Plaintiff.

Although State Farm claims several times throughout its opposition that the premium was received on August 18, 2005, the affidavit of its own underwriter indicates that premium was received on August 22, 2007.  Moreover, Plaintiff indicates she paid the premium on August 22, 2005. Thus, for the purposes of this motion, the Court determines that August 22, 2005 was, indeed, the day the premium was received.

Proof by the insurance company of mailing the cancellation notice to the named insured at

the address on the policy shall be sufficient proof of notice under the applicable statute. LSA-R.S. 22:636.1(F). Proof of receipt of that notice is not required. *Hunter v. Automotive Cas. Ins. Co.*, 606 So.2d 571, 574 (La. App. 5th Cir. 1992). Proof of mailing the notice of cancellation creates a rebuttable presumption that the notice of cancellation was received by the insured. *Guy v. McKnight*, 99-2284 (La. App. 4th Cir. 2/16/00), 753 So.2d 955, 958. A policyholder's mere denial of receipt of a notice of cancellation is not sufficient to invalidate the cancellation of the policy in question. *Talley v. First of Georgia Underwriters Co.*, 596 So.2d 408 (La.App. 4th Cir. 1992). Thus, Brooks- Williams' mere denial of receipt of the notice of cancellation is not sufficient to invalidate the cancellation.

Because the policy expired on July 9, 2005, and the premium was not paid until August 22, 2005, the Court finds that the effective date of Plaintiffs' flood policy was September 22, 2005. In other words, because the premium was not paid within thirty days of the expiration of the policy, according to 44 C.F.R. §61.11(c), State Farm applied the 30-day waiting period such that the effective date of the SFIP was thirty days from the date the premium was paid. Thus, the flood damage that occurred to Plaintiffs' home as a result of Hurricane Katrina was not covered under the State Farm issued SFIP. Thus, Plaintiff's motion for partial summary judgment should be denied.

In the alternative, Brooks-Williams claims State Farm is liable for the loss because it did not draw on Plaintiff's bank account, as she allegedly authorized it to do. However, State Farm has submitted an affidavit of Sandy Chewning, Underwriting Section Manager at State Farm, wherein she explains that State Farm does not have a payment plan for accepting flood premiums. There is a question of material fact as to this particular issue and thus, partial summary judgment on this issue should be denied. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment Against State Farm Insurance Company on Flood Insurance (Rec. Doc. No 16)** should be and hereby is **DENIED**.

New Orleans, Louisiana, this 6th day of November, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**